■ Rosa Jamison, Individually and as Mother and Natural Guardian of Quanda Jamison, an Infant, Appellant, v Board of Education of the City of New York et al., Respondents. [718 NYS2d 821] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 15, 1999, which denied plaintiffs' omnibus motion for, *inter alia*, various discovery directives, including the production of witnesses for deposition, document production, and an extension of time to file their note of issue, and granted the cross motion of defendants Board of Education and the City of New York (collectively the Board) for an order extending their time to conduct the examinations of Quanda Jamison by a psychiatrist and a vocational expert, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of directing the motion court to appoint a Special Referee to supervise discovery and depositions; and to further direct that the Board produce within 30 days after the Special Referee's appointment, to the extent not already produced, those items specifically requested in paragraph four of plaintiff's notice of motion dated July 13, 1999; produce within 30 days after the Special Referee's appointment, all records, if any, to the extent not already produced, maintained with regard to Weeb Amy by the office of the Assistant Principal of Organization, the Assistant Principal for Special Education, or the Safety Coordinator for Martin Luther King High School; permit, within 30 days of the Special Referee's appointment, a supervised "security inspection" of Martin Luther King High School; and produce for deposition within 30 days after production of the aforementioned documents and completion of the "security inspection," Milt Siler, the School Safety Coordinator for Martin Luther King High School, and, if he is no longer employed by the Board, produce his last known address, and otherwise affirmed, without costs.

Our review of the record indicates that the primary issue is

whether the Board failed to provide appropriate security for plaintiff infant which might have prevented the underlying assault. Accordingly, we modify the order of the IAS Court to direct limited and supervised discovery. We emphasize that only those documents sought in the notice of motion, to the extent not already produced, are to be made available. Concur—Rosenberger, J. P., Andrias, Wallach, Lerner and Buckley, JJ.